IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02602

SHALAYNA PARKER,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Shalaya Parker, by and through her attorneys, HUNSAKER | EMMI, P.C., and for her Complaint against Defendant United States of America, states and alleges as follows:

### PARTIES, JURISDICTION & VENUE

1. Plaintiff Shalayna Parker is and was at all times relevant to this Complaint an individual residing in Adams County, Colorado.

2. Defendant United States of America is and was at all times relevant to this Complaint a sovereign nation with a government overseeing various federal agencies, including the Federal Bureau of Investigation.

3. This Court has subject matter jurisdiction over this dispute pursuant to the Federal Torts Claims Act, ("FTCA"), 28 U.S.C. § 2671, *et seq.* as Plaintiff's claims are for injuries arising

out of a motor vehicle accident that occurred on April 13, 2017 in the District of Colorado, which was caused by the negligence of an employee of the United States Government.

4. This Court also has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1346(b)(1), which provides that the United States District Courts shall have exclusive jurisdiction of civil actions on claims against the United States for personal injury caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his employment.

5. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the District of Colorado.

## GENERAL ALLEGATIONS

6. On April 13, 2017 Plaintiff was operating a motor vehicle and traveling southbound in the 400 block of N. Monaco Street in the City and County of Denver, District of Colorado, when she was involved in an accident in which she was rear-ended by Garrett Anderson, an employee of the Federal Bureau of Investigation, resulting in personal injuries to Plaintiff, and well as damage to her property.

7. Garrett Anderson was issued a citation for following too closely in violation of Denver Municipal Code 54-235, to which he entered a guilty plea.

8. Defendant United States of America is liable for Plaintiff's injuries pursuant to the Federal Torts Claims Act, ("FTCA"), 28 U.S.C. § 2671, *et seq.* and liability is predicated upon 28 U.S.C. § 2674 as the aforesaid accident, Plaintiff's personal injuries, and Plaintiff's property damage were all proximately caused by the negligent or wrongful acts and/or omissions of Garrett

Anderson, an employee of the Federal Bureau of Investigation, an agency of the United States of America.

9. Garrett Anderson was acting within the course and scope of his employment at the time of the accident with Plaintiff such that if the United States of America was a private individual, it would be liable to Plaintiff under the laws of the State of Colorado in the same manner and to the extent as such private individual would be liable to Plaintiff under like circumstances.

10. Prior to filing this action, Plaintiff exhausted her administrative remedies by presenting her administrative claim to the Federal Bureau of Investigation, the appropriate Federal agency of Defendant United States of America, pursuant to 28 U.S.C. § 2675(a) on or about March 14, 2019 via certified mail with return receipt requested, which claim was received by the Federal Bureau of Investigation on March 18, 2019.

11. More than six months have elapsed since Plaintiff presented her claim and the Federal Bureau of Investigation has failed to make final disposition thereof, entitling Plaintiff to deem such failure as a denial of her claim.

**FIRST CLAIM FOR RELIEF**
**(Negligence)**

12. Plaintiff incorporates herein by reference each prior allegation of her Complaint as though fully set forth herein.

13. At the time and place of said accident as aforesaid, Garrett Anderson was acting within the course and scope of his employment of Defendant United States of America as aforesaid, and was operating his motor vehicle in a careless and negligent manner without due regard for the safety of persons and property, including Plaintiff, was traveling at an excessive speed for the road conditions then existing, was following Plaintiff's vehicle too closely, failed to

keep a proper lookout for other vehicles, failed to avoid striking Plaintiff's vehicle in the rear, failed to have his vehicle under control, failed to apply his brakes to avoid the accident, was not paying attention to his driving, and was otherwise negligent.

14. Said accident and Plaintiff's injuries and damages, as hereinafter set forth, were proximately caused by the negligence of Garrett Anderson in the operation of his motor vehicle as aforesaid, and Defendant United States of America is vicariously liable for Garrett Anderson's negligence as he was acting within the course and scope of his employment with the Federal Bureau of Investigation, an agency of Defendant United States of America, at the time of said accident.

15. As a direct and proximate result of Garrett Anderson's negligence as aforesaid, and as a direct and proximate result of said accident, Plaintiff Shalayna Parker sustained injuries, including but not limited to, injuries to her head, neck and lower back, right hand and wrist, cervical and lumbar spine injuries, cervical and lumbosacral sprains, post-concussion syndrome, injuries to the muscles, tendons, ligaments, nerves and nerve system, and Plaintiff was otherwise injured.

16. As a direct and proximate result of the injuries sustained by Plaintiff Shalayna Parker as aforesaid, Plaintiff was required to seek medical treatment and care and may be required to seek medical treatment and care in the future, was diagnosed and treated for a head injury, cervical and lumbosacral sprains, pain in her right hand and wrist, Plaintiff suffered pain in her neck and low back, headaches, pain in her right hand and wrist, Plaintiff has a loss of income in an amount to be determined at trial, has incurred approximately $25,000 in medical expenses, and may incur future medical expenses, has suffered and will in the future suffer great pain of both

4

body and mind, has suffered mental anguish and emotional distress, has been and will in the future be deprived of her other activities and her enjoyment of life to the same extent as prior to said injuries, and Plaintiff may have sustained permanent injuries and impairment, all to her damages in an amount to be determined at trial.

<b><u>SECOND CLAIM FOR RELIEF</u></b><br>
(Negligence <i>Per Se</i>)

17. Plaintiff incorporates herein by reference each prior allegation of her Complaint as though fully set forth herein.

18. At all times materials hereto, the following Municipal Code of the City and County of Denver was in full force and effect:

> Sec. 54-235. – Following too closely.
>
> (a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway. In any prosecution for a violation of this section, the fact that a vehicle collides with a vehicle which it is following shall be "prima facie" evidence that such vehicle was following too closely.
>
> \*   \*   \*

19. At all times material hereto, the following statute of the State of Colorado was in full force and effect:

> C.R.S. § 42-4-1008 Following too Closely
>
> (1) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.
>
> \*   \*   \*
>
> (4) Any person who violates any provision of this section commits a class A traffic infraction.

5

20. Garrett Anderson violated Denver Municipal Code, Sec. 54-235 - Following too closely, and C.R.S. § 42-4-1008 Following too Closely, which violations constitute negligence and negligence *per se*, and Garrett Anderson was otherwise negligent.

21. Said accident and Plaintiff's injuries and damages were proximately caused by the negligence of Garrett Anderson in the operation of his motor vehicle as aforesaid, and Defendant United States of America is vicariously liable for Garrett Anderson's negligence as he was acting within the course and scope of his employment with the Federal Bureau of Investigation, an agency of Defendant United States of America, at the time of said accident.

22. Plaintiff incorporates herein by reference paragraphs 15 and 16 of her Complaint as though fully set forth herein.

WHEREFORE, Plaintiff Shalayna Parker prays for judgment against Defendant, and in favor of Plaintiff for damages for the following:

1. Past, present and future medical expenses;

2. Pain and suffering;

3. Permanent injury and/or impairment;

4. Emotional distress and mental anguish;

5. Loss of enjoyment of life;

6. Loss of Income;

7. Plaintiff's costs of this action including expert witness fees;

8. Interest as provided by law;

9. Such other and further relief as to the Court seems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 27th day of August, 2020.

                                                                                            HUNSAKER | EMMI, P.C.

                                                               */s/ William J. Hunsaker*
                                                               William J. Hunsaker
                                                                1707 Cole Blvd., Suite 210
                                                                Golden, Colorado 80401
                                                                Tel:    303-456-5116
                                                                Fax:   303-456-5850
                                                                Email: bill@helegal.com
                                                                *Attorneys for Plaintiff*

Address of Plaintiff:
10151 Chambers Drive
Commerce City, CO  80022